Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

CLERK
US DISTRICT & BANKRUPTCY
COURT

2023 OCT 19 A 11: 18

RECEIVED

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Division

RECEIVED
Mail Room

OCT 1 9 2023

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

| | |
|---|---|
| Mildred E. Francis | ) Case: 1:23–cv–03156 |
| *Plaintiff(s)* | ) Assigned To : Cobb, Jia M. |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) Assign. Date : 10/18/2023 |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) Description: Pro Se Gen. Civ. (F–DECK) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) Jury Trial: *(check one)* ☐ Yes ☒ No |
| **-v-** | ) |
| | ) |
| | ) |
| Anonymous, Acting Director of DC Office of Zoning | ) |
| Muriel Bowser, Mayor of the District of Columbia | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non–Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Mildred E. Francis |
| Address | 3007 26th St., N.E. |

| | | |
|---|---|---|
| Washington, DC | DC | 20018 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | 202-823-3284 |
| E-Mail Address | francis.mildred@gmail.com |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Anonymous |
| Job or Title *(if known)* | Acting Director, DC Office of Zoning |
| Address | 441 4th Street, N.W.  Suite 200S |

| | | |
|---|---|---|
| Washington, DC | DC | 20001 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | 202-727-6311 |
| E-Mail Address *(if known)* | dcoz@dc.gov |

☐ Individual capacity   ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Muriel Bowser |
| Job or Title *(if known)* | Mayor of Washington, DC |
| Address | 1350 Pennsylvania Avenue, N.W. |

| | | |
|---|---|---|
| Washington, DC | DC | 20004 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | 202-727-2643 |
| E-Mail Address *(if known)* | eom@dc.gov |

☐ Individual capacity   ☒ Official capacity

Defendant No. 3

    Name

    Job or Title *(if known)*

    Address

                                 *City*             *State*         *Zip Code*

    County

    Telephone Number

    E-Mail Address *(if known)*

    ☐ Individual capacity    ☐ Official capacity

Defendant No. 4

    Name

    Job or Title *(if known)*

    Address

                                   *City*             *State*         *Zip Code*

    County

    Telephone Number

    E-Mail Address *(if known)*

    ☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Plaintiff's right to use and develop the residential lot is incident to fee-simple ownership and to Board of Zoning Adjustment (BZA) access derives from DC Official Code § 6-641.07(f), § 6-641.07(g)(1), § 6-641.07(g)(3), and § 6-641.07(g)(4); the Mayor's wrongful decision to establish and support mechanisms to process/screen application appeals that thwart and exclude BZA consideration of issues from private owners of color violates the Due Process Clause and Equal Protection Clause of the 14th Amendment; the Mayor's lack of action to redress the harm unfair administration causes private owners like Plaintiff, removed all economically viable use of the land from the owner.  The activities of involved screening staff (herein, the various anonymous persons are collectively denoted "Acting Director, DC Office of Zoning") showed disregard for impartial interpretations of the regulations and in intent to disadvantage racial minorities seeking BZA consideration.

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

The DC Mayor has granted staff of independent agencies carte blanche to cease processing, for specious reasons, submitted BZA applications from private owners; allowed unaccountable gaps in staff assignments that ensure incomplete application vettting service delivery to private homeowners; and countenanced staff refusals to issue vouchers to enable consideration by the BZA of appeals from private owners with permitted-by-right use.

The activities of the selected involved staff , called here "Acting Director, DC Office of Zoning" denied Francis opportunity to resolve zoning compliance issues resulting from the nonconforming shape and dimensions of property created a decade preceding the enactment of the Zoning Act of 1938.  Individual anonymous staff members performed tasks assigned by the Mayor or an agent from the executive branch of city government and outcomes were as directed.   .

## III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

In staff facilities for personnel with the Department of Consumer and Regulatory Affairs (DCRA) and D.C. Office of Zoning (OZ).

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

B.      What date and approximate time did the events giving rise to your claim(s) occur?

    Claim One:   April 5, 2019  thru May 20, 2020. (violation of due process events)
    Claim Two:   April 5, 2019  thru present (mandated area variance relief for PEPD).
    Claim Three:  April 5, 2019 thru present ( violation of equal protection of the law)..

C.      What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

0.  Plaintiff is owner of a partially improved lot located at 3009 26th St., N.E., within a R-1-B District. The lot was inherited in 2003, at which time it contained a single old-world white oak tree, a 30 ft tall flag pole, three mature crepe myrtle trees and  a 1920s era wood cabin (footprint: 18 ft x 18 ft) situated 4.5 feet from the rear property line and 4 ft above street level on a concrete foundation with 3ft high walls fronting the end of a lengthy partly paved 8 ft wide walkway to the street.

1.   Plainitff is a pro se litigant because legal representation costs exceed the financial outlays that are tolerable for a retiree and lack of time to establish and maintain such a collaboration.  Plaintiff has no legal training, no interest in associated career paths and relied on self-study with assimilation to prepare the papers that must be filed to advance the adjudication of her claims by an impartial decider.

2.   The 5247 sq ft lot is an amalgamation of land parcel segments from 1920s plats and was designated for residential use with a cleared site for a detached single family dwelling identified prior to enactment of the Zoning Act of 1938 . Consideration of the lot's  nonconforming shape, unusual dimensions, and topography irregularities leads to the conclusion only two candidate sites exist and both nonconforming under current regulations.  Each site presents a varied set of conflicts with zoning regulations that differ and must be resolved prior to building plans development.  A priori it cannot be determined what land segment the BZA will choose as the building site more in harmony with the general purpose and intent of the zoning regulations and Zoning Act of 1938.

3.   The Board of Zoning Adjustment (BZA) is an independent, quasi-judicial panel established by the Zoning Act of 1938 to deal with unusual situations of property and regulation.  It is empowered to grant relief from the strict application of  zoning regulations (variances), approve certain uses of land (special exceptions), and hear appeals of actions taken by the Zoning Administrator at DCRA.

4.   Given the desire and need to buld a modest detached one-family dwelling on the property, Plaintiff prepared and submitted an application to BZA seeking consideration of the zoning issues and determination of the best suited site for a conforming structure and defining parameters.  The facts of the Plaintiff's claims are detailed in the civil action filed pro se with this Court (US District Court for the District of Columbia) on January 13, 2022;  Francis v Acting Director DCOZ, civil action no 22-127 (TSC).  Service occurred swiftly and Defendants' response was due on March 1, 2022.  On that date Defendant Mayor motioned the Court for an extension of time (30 days) to file a response to the complaint and the requested extension was granted.

5.   Plaintiff used the recommended formatted form " Pro Se 15 (Rev 12/16) Complaint for Violation of Civil Rights (Non-Prisoner) in the January 13, 2022 submission to this Court, as well as in this action. That form stipulates  "Do not cite any cases or statutes"  in "III. Statement of Claim" directions.

6.  Defendant Mayor's motion for an extension in that action lacked the proper caption of Case 22-127 (TSC), an intentional misrepresentation repeated in Defendant's motion to dismiss subsequently filed on 3/31/22.   Defendant Mayor adamently insisted on inserting the name of a person officially associated with the "DC Office of Zoning (DCOZ)" as its Director, although that person had no role in screening the Francis application to the BZA or its disposition which fact attorneys affirmed in court filings on September 16, 2020.

7. The facts support a conclusion the Defendant Mayor allowed barriers to be erected that bar screeners acceptance of appplications seeking area variance relief from "exceptional and undue hardship" (EUH) that strict compliance with all zoning regulations causes nonbusiness private landowners with permitted-by-right use .

   (7a)  First, the DCOZ is the officially designated agency for screening BZA applications but its authority (ie competence) to screen is limited to only area variance applications to relieve "peculiar and exceptional practical difficulties" (PEPD).

CONTINUED ON ATTACHED PAGES 9-15

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

No physical injury was sustained.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

A.  The Court rules that Defendant Mayor erred in refusing to issue the filing-fee payment voucher to Francis and must cease obstructing the filing of the BZA application for variance relief consideration submitted April 5, 2019 by Francis to all administrative agencies. Further, the Court orders Defendant Mayor to designate a DCRA staff member or Zoning Administrator to liaise with the appropriate city authorities to generate documents for the BZA presentation that Francis requires, specifically an approved plat from the DC Surveyor's Office showing boundaries of existing structures for the subject lot and area map from the GIS  (Exhibit 4) showing rooflines in contingent and surrounding lots that retains the distinguishing features in copies with use of the appropriate choice of contrasting colors.

B. The Court rules that Plaintiff is an aggrieved private owner and orders Defendant Mayor to set the Francis appeal application on the docket for BZA consideration at the earliest November 2023 meeting of the BZA and notify interested persons of the sequence of speakers comments to follow the project details/synopsis of the issues that the Plaintiff orally presents to the BZA at the meeting. A paper copy of the presentation will be made available 15 days prior to the meeting to interested parties.

C.  The Court sets a schedule for filing legal briefs in support/ in opposition to Plaintiff's Claim One and Claim Two and a subsequent hearing to review supporting evidence substantiating that racism cannot be dismissed as a motivating factor in reaching a partial judgement with respect to Claim Three.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        ……..October 16, 2023

Signature of Plaintiff        *Mildred E. Francis*

Printed Name of Plaintiff    Mildred E. Francis

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

| | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

UNITED STATES DISTRICT COURT for the District of Columbia
Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Continuation of Section III C - Statement of the Claim

**(7b)** In addition, the DCOZ is an umbrella acronym for any decision/action of any

person during the application screening process and an unaccountable entity in equity and law

courts.   The collection of ancillary people other than Defendant Mayor, with active roles in the

disposition of the Francis BZA appeal application are merged into one administrative identity in

this suit as "Acting Director, DC Office of Zoning" and likely includes the Zoning

Administrator or other DCRA staff, robots and legal advisors.

**(7c)** Further, the current process prevents an aggrieved applicant from paying the fixed

filing fee ($325) with the submission of application materials to the screening agency because

no voucher is issued until all the "screener mandated preconditions" are met, however costly.

To a private owner with comparable nonbusiness interests as Plaintiff, $60K is an exorbitant

levy to have had imposed by anonymous staff, with no justification, as a precondition for the

opportunity to get permission to use and develop the residential lot as intended.

**8** Defendant Mayor 's Rule 12(b)(6) motion to dismiss contended Plaintiff "lacks a

property or other constitutionally-protected interest in her application to the BZA for a

variance".  Nearly a month later, on April 26, 2022 a supporting document [6 pages] was filed

("Defendants' Reply in Support of Motion to Dismiss Plaintiff's Complaint") with the correct

case caption by the Defendant.

**9.**  On July 26, 2022 Defendant Mayor filed a document in opposition to Plaintiff's Motion for Rule 33 Written Interrogatories. citing a host of justifications with cases and legal reasons why discovery should not proceed. On March 17, 2023 the Court denied Plaintiff's Motion for Discovery.

**10.**  In late October 2022 Plaintiff contacted the assigned attorney representative for Defendant Mayor to arrange a meeting to review agreed on facts and facilitate development of a plan to ask the Court to examine the treatment rendered to Francis' application by screeners and how racism was influential in the outcome.  Defendant's attorney declined in late November 2022, the proposed zoom meeting and agenda review.

**11.**  In January 2023 Plaintiff reviewed the constraints and recognized there had been no opportunity to date to present the cases and law that support her reasoned theory of permitted-by-right land use and development interests. Defendant Mayor unexpectedly argued that "plaintiff lacks a cognizable constitutional interest in BZA consideration" and deflected attention away from the stealth nature of historical and contemporary racial discriminatory processes. "In a diary entry from 1969, Nixon's chief of staff  H.R.Haldeman wrote that Nixon "emphasized that you have to face the fact the whole problem is really the Blacks.  The key is to devise a system that recognizes this while not appearing to." Nixon achieved this goal, a close observer of the tactic recently argued.

**12.**  Similarly motivated, it can be argued, was the strategy for vetting BZA applications with mandated intake forms that bar area variance relief from "exceptional and undue hardship" (EUH) applications pursuant to the policies of Defendant Mayor.   Key elements are described in the subsequent three paragraphs.

**13. CLAIM ONE**:   For relief under 42 U.S.C. § 1983, Francis claims that Defendant Mayor acting under color of regulation, custom or usage of the District of Columbia deprived her of property rights secured by state statute [DC Official Code § 6-641.07(f). et seq] and fee-simple land ownership in violation of the due process clause of the 14th Amendment to the Constitution. Substantive due process denial events include:

**13 a)**   Vetting findings provided 22 days after application submission whereas regulations promise a shorter wait of 5 days;

**13 b)**   Anonymous staff with dubious credentials screen the application and report findings whereas regulations stipulate the Director of OZ reviews apps;

**13 c)**   Screeners do not read applications but instead presume wrongfully that every area variance relief application is a PEPD appeal with known information content requirements;

**13 d)**   Architect's renderings of two dwellings - mandate of screener- is unjustifiably expensive information for BZA consideration of a EUH variance relief appeal;

**13 e)**   A private landowner seeking permitted-by-right land use is screener mandated to hire an attorney whereas statute and regulations say attorney not needed;

**13 f)**   Absent check box in the mandated intake form for "other" prevents identification of legitimate BZA appeals of interest to private property owners;  [X § 1000.1 - Use Variance] or [X § 1002.1 - Area Variance]  or [X § 901.1 Special Exception] are only options.

**13 g)**   Sworn agreements to refrain from legal suit against DCRA staff and Zoning Administrator must be signed by the attorney and applicant before the application is accepted for filing;

**13 h)**   A fabricated narrative of required relief in order for "the proposed structure to be erected" must be created and an agreeable attorney located who attests to same.

**14.  CLAIM TWO**: For relief under 42 U.S.C.  § 1983, Francis claims that Defendant Mayor acting under color of regulation, custom or usage of the District of Columbia deprived her of property rights secured by state statute [DC Official Code § 6-641.07(f). et seq] and fee-simple land ownership in violation of the due process clause of the 14th Amendment to the Constitution by failing to alter or redress effects of the city's mandated focus on a specific area variance (X § 1002.1 ) that operates to exclude private land owners of color.

**14a)**  Initial intake sheet of the computer system is preset with 3 boxes - one must be checked to activate an upload of digitized copies of documents in the application; none of which denotes area variance relief from EUH, a legitimate and primary reason to seek BZA consideration by owners of vintage lots that predate 1939; nearly forty percent of total housing units (33,274) in the neighborhood district of the lot's location have structures built in 1939 or earlier and 83% of the total population is Black or African-American.

**14b)**  Prerequisites that must be met in order to submit a mandated area variance relief application to alleviate PEPD are burdensome, costly ($60K) and demonstratively inappropriate for a private owner applicant with permitted-by-right use and legal standing; illustrative is the selection of Form 135 by the Defendant to show the extent of missing information that in reality reflects the different lens of the owner with plans for a lot that never includes auto parking spaces, a home with loading berths, or open courts or closed courts to accommodate auto parking.  Entering "n/a" to designate "not applicable" ought to be acceptable but is not; building off-street parking spaces within a residential lot for a detached single-family unit is not required by any 2016 regulation.

**14c)**  Applications submitted to the Zoning Administrator must contain the information items that are in a mandated area variance relief appeal to alleviate PEPD; in order to meet the

burden of proof set forth in the 2016 Zoning Regulations Rewrite, the costliest building design and development products must accompany the request for BZA consideration, although pertinent information content is questionable.

**14d)**  It flows rationally from the facts that Plaintiff is aggrieved being prevented from filing a BZA appeal to consider and designate the appropriate site, has a protected property interest in a "filing fee payment" voucher to accompany the submitted BZA application and a successfully filed BZA appeal,  has distributed the written application materials to the parties identified in website instructions but Defendant Mayor will not act to allow Plaintiff's unusual situation the opportunity to be heard by the BZA.

**14e)**  The email message of May 4, 2019 from the screening agency computer system strongly suggested the issues raised by the Plaintiff's application were under consideration: "Thank you for submitting the document(s) in Appeal No. tmp-480.  DC Office of Zoning (DCOZ) will be titling this exhibit and reserves the right to modify the document type you selected".  A year earlier (February 28, 2018) during oversight hearings of the Office of Zoning and Office of Planning lack of variation among disapproval rates for BZA appeals was explained by the OZ Director as due to "most cases that would otherwise be denied are withdrawn prior to a decision being rendered".  Plaintiff did not withdraw the submitted BZA application.

**15.  CLAIM THREE**:  For relief under 42 U.S.C. § 1983, Francis claims that Defendant Mayor acting under color of regulation, custom or usage of the District of Columbia deprived her of property rights secured by state statute [DC Official Code § 6-641.07(f). et seq] and fee-simple land ownership in violation of the equal protection of the laws clause of the 14th Amendment to the Constitution. Among the laws that existed to assist private land owners with unusual situations, several could not be invoked by the Plaintiff to her disadvantage.

**15 a)**   An appeal to BZA under  § 6-641.07 (g)(1) alleging that there is error in an order, requirement, decision made by the Mayor in carrying out of regulations adopted pursuant to the designated subchapter;

**15 b)**   An appeal to BZA under  § 6-641.07 (g)(4) to modify the screener's mandate that architectural plans for two dwellings be produced;

**15 c)**   An appeal to BZA under § 6-641.07 (g)(3) seeking area variance relief from strict compliance with current zoning ordinances (2016 Zoning Regulations Rewrite) that cause exceptional and undue hardship (EUH) to the private owner applicant with permitted-by right use of the property site for a detached single family dwelling;

**15 d)**   Plaintiff challenged misinterpretations of the 2016 Zoning Regulations and was ignored by screeners and oversight administrators:

**-d.1.**  Plaintiff's explicit request, pursuant to Subtitle Y § 101.9, that BZA waive the submission of building construction-related documents since essential information for the BZA decision will be provided with alternative information displays;

**-d.2.**  Plaintiff's planned use of the property requires the BZA to declare the lot non-conforming and change the designation of the extant foundation structure, pursuant to Subtitle C  § 204.8, from a non-conforming use to permitted as a matter of right;

**-d.3**.  Screener mandates to make promises to not sue certain agencies were preconditions to achieving a filed BZA application and a tradeoff that a private property owner ought not to be coerced to make by the Defendant Mayor and/or city administrators.

**15 e)**  Plaintiff's constitutional interests in the use and development of the property are capable of being judicially heard and determined by this federal court.  Defendant relies on a false premise and manipulation of the Fed. R. of Civ. Proc. to assert otherwise.

**-e1**  Every motion and memoranda filed by Defendant Mayor in case 22-cv-127-TSC, had the name "Sara A. Bardin" as defendant in the caption and/or the first text sentence led with the false allegation that Plaintiff's complaint identifies said individual as a defendant.

**-e2**  No right to relief is/was asserted against the OZ or its Director or agency administrators in this case; neither has any person motioned the court to join the case under the several options available in the Fed. R. Civ Proc. because there is no evidence of a role of specific staff in the decisions and activities under consideration.

**-e3**  Office of Zoning is neither a city nor state agency but "an independent agency" which signifies the Mayor and Council are not authorized by law to establish administrative procedures. Its functional operations are not subject to review under the D.C. Administration Procedure Act.

**-e4**  Plaintiff thinks the official that can change and has the functional responsibility to change the unfair application vetting procedures described herein is the Mayor; Defendant Mayor may disagree and believe that some official of the independent agency ought to held legally responsible for the adverse outcome experienced by Plaintiff and others. Unilaterally injecting a replacement person with title in lieu of the "Anonymous" defendant in the filed complaint introduced a party over which the Court lacked jurisdiction.

**16.  RACISM IN THE 21ST CENTURY**:  A comprehensive description of available pathways to achieve successful BZA application submission that were experienced by Plaintiff have been presented to inform the Court during its deliberations. The detailed presentation was also required to fully inform the Defendant Mayor of specific biases in DCRA procedures to redress in establishing policy and procedures for the new agencies replacing the beleaguered DCRA, as well as to prompt the creation of a mechanism under the aegis of the new agencies for private owners with permitted-by-right use interests to be issued vouchers to file BZA appeals that do not qualify for agency application screening.

**16a).**  Defendant Mayor's strategy to cloud the truth worked.  On July 28, 2023 the Court granted Defendant Mayor's Rule 12(b)(6) Motion to dismiss case 22-cv-127-TSC for failure to state a claim. Plaintiff received the ruling by regular mail on August 3, 2023. From the moment the Defendant was granted an extension to respond to the complaint, it was clear the judge's action would adversely affect Plaintiff.   Defendant Mayor's filed extension request and subsequent papers all contained the wrong defendant's name in the caption and inserted the same in the text as a defendant; that person with the Defendant Mayor had persuaded the judge that Plaintiff had made a mistake by omitting that person's name as a defendant.

**16b).**   Plaintiff's goal is to file an appeal with the BZA - including an oral presentation of the historical background and current features of the lot, evolution of landscape, early use, footprint/roofline of proposed site dwellings- in order to build a detached single-family residence for a personal home.  Defendant Mayor's motion to extend the time to answer is common interpreted as a signal that a defendant wishes to postpone the court's disposition of

the case.  Among the alternative means of accomplishing this is to dispute every legal issue thereby increasing paper production and monetary outlays.  More than 4 years has elapsed since Plaintiff submitted an application for BZA consideration.  During the 52 months of avoidance of the issues raised in Plaintiff's complaint, DC Mayor Bowser agreed to separate the DCRA into two parts, as D.C. Council had proposed, in the hopes of shoring up its services in the face of years of criticism from residents, businesses and the council. October 1 2022 was the proposed deadline to complete the overhaul.  The publicly acknowledged dysfunctional agency is not known to harbor informal mechanisms for resolving procedural issues fully comporting with due process.

**16c)**.  Defendant Mayor lies to excuse the perverse outcome of Plaintiff's application submission asserting "one set of regulations defines the materials that an applicant for a variance must submit".   It is true that the regulations define one type of area variance and the corresponding information content of application submissions to meet the burden of proof. [See 13f ) above]  It is also true another legitimate area variance appeal exists; specifically the BZA is authorized to consider an area variance appeal to relieve exceptional and undue hardship that strict compliance causes.  Vetting staff lack competences and authority to process other than the regulation defined one type of area variance.

**16d)**.   The statute text is clear: "Appeals to the Board of Adjustment (BZA) may be taken by any person aggrieved,    . . . by any decision of the Inspector of Buildings granting or refusing a building permit . . . , or any other administrative decision based in whole or in part upon any zoning regulation adopted under this subchapter.  The Mayor of the District of Columbia may require and fix the fee to be charged for an appeal, which fee shall be paid, as directed by said Mayor, with the filing of the appeal;  . . .."

Date : October 16, 2023                    Mildred E. Frances