District of Columbia
Court of Appeals

No. 20-AA-374

MILDRED E. FRANCIS,
        Petitioner,

v.                                                  **TMP 480**

DISTRICT OF COLUMBIA
OFFICE OF ZONING,
        Respondent.

FILED DEC 2 2020 — DISTRICT OF COLUMBIA COURT OF APPEALS

BEFORE:   Thompson and Deahl, Associate Judges, and Nebeker, Senior Judge.

## O R D E R

On consideration of the petition for review of respondent's rejection of petitioner's noncompliant application for a zoning variance; this court's July 28, 2020, order directing petitioner to show cause why the petition for review should not be dismissed as taken from a non-final order; petitioner's response thereto, which states that she asked respondent to forward her application to the Board of Zoning Adjustment (BZA) to consider waiving certain application requirements; this court's August 27, 2020, order directing respondent to reply regarding the status of her application; respondent's motion to dismiss the petition for review (serving as its reply) on the ground that petitioner's application was not forwarded to BZA for consideration because it was incomplete; petitioner's opposition thereto; this court's October 14, 2020, order directing both parties to submit further responses as to whether respondent's rejection of the application arises out of a contested case and is otherwise timely; and the parties' responses thereto; it is

ORDERED that the petition for review is dismissed for lack of jurisdiction. *See Farrell v. District of Columbia Police & Firefighters Ret. & Relief Bd.*, 151 A.3d 490, 492 (D.C. 2017) ("[T]his court has direct jurisdiction to review agency decisions only in a 'contested case.'") (citing D.C. Code § 2-510(a) (2016 Repl.)). We discern no meaningful distinction between petitioner's concession that respondent's rejection of her noncompliant application is not a contested case and her argument that respondent's failure to forward her noncompliant application to BZA nevertheless is a contested case. The rules governing BZA's rules of practice and procedure, as promulgated by the Zoning Commission, delegate the authority to

No. 20-AA-374

review applications to respondent and unambiguously require respondent to reject noncompliant applications.  *See* 11-Y DCMR § 300, 400.1-.04; *see also* 63 DCR 3500 (Mar. 4, 2016) (notice of the Zoning Commission's final rulemaking).  No provision exists for respondent to waive application requirements, for respondent to defer a decision on an application's compliance to BZA, for an applicant to bypass respondent's review by motion, for an applicant to appeal respondent's rejection to BZA, or for a hearing of any kind before respondent renders its decision.  We therefore conclude that even though respondent's rejection of a noncompliant application necessarily precludes a contested case hearing before BZA, *see* 11-Y DCMR § 201.2, it is not itself a contested case.  *See generally Timus v. District of Columbia*, 633 A.2d 751, 761 (D.C. 1993) (en banc) (recognizing that not every agency action is directly reviewable "by this court even though it may erroneously deprive the complainant of a trial-type administrative hearing[]"); *Lamont v. Rogers*, 479 A.2d 1274, 1277-78 (D.C. 1984) (holding that the dismissal of a complaint for lack of probable cause by the Office of Human Rights is not directly reviewable by this court because the right to a contested case hearing before the Human Rights Commission does not arise until probable cause is shown).  If petitioner believes respondent abused its discretion in rejecting her application, her recourse would be to seek review of that decision in the Superior Court for the District of Columbia followed by an appeal (if necessary) to this court.  *See Timus*, 633 A.2d at 761 ("[I]f the outcome of such review is affirmance by the Superior Court, [petitioner] may then seek review of that order by this court in the normal course."); *see also* Super. Ct. Agency Rev. R. 1 (explaining how to file a petition for review in Superior Court).  We take no prospective position, however, as to timeliness of any future petition for review that petitioner may choose to file in Superior Court.  It is

FURTHER ORDERED that respondent's motion to dismiss is denied as moot.

**PER CURIAM**

Copy e-served to:

Loren L. AliKhan, Esquire
Solicitor General for DC

Copy mailed to:

Mildred E. Francis
3007 26th Street, NE
Washington, DC 20018

cml