UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILDRED E. FRANCIS,

    Plaintiff,

v.

ANONYMOUS, *et al.*,

    Defendants.

Civil Action No. 23-cv-3156 (TSC)

### MEMORANDUM OPINION

Plaintiff Mildred Francis sued the Acting Director of the D.C. Office of Zoning ("Office") and Muriel Bowser—the Mayor of D.C.—under 42 U.S.C. § 1983, alleging due process and equal protection violations arising from the Office's denial of her variance application. Defendants moved to dismiss, arguing that Plaintiff's claims are precluded by prior litigation in this court. Having reviewed the record and the briefs, the court will GRANT Defendants' Motion.

### I.     BACKGROUND

Plaintiff inherited a partially improved lot in northeast D.C. in 2003. Compl., ECF No. 1 at 6. The lot was originally designated for residential use, but because of its shape, dimensions, and topography, zoning regulations render it impossible to build a dwelling on the lot. *Id.* Consequently, Plaintiff applied for a variance, *id.*, but her application was denied and she was unable to afford the filing fee to appeal, *see id.* at 7, 9. *See also Francis v. Acting Dir.*, No. 22-cv-127, 2023 WL 4846625, at *1–2 (D.D.C. July 28, 2023).

Plaintiff first challenged the denial of her application in the D.C. Court of Appeals, but the case was dismissed for lack of jurisdiction. *Acting Dir.*, 2023 WL 4846625, at *2. She then

sued the Acting Director of the Office and Bowser in this court, alleging that they violated her constitutional due process and equal protection rights. *See id.* Defendants filed a motion to dismiss, which this court granted in July 2023, holding that Plaintiff failed to state a claim upon which relief can be granted. *Id.* at *2–4.

Plaintiff filed this action *pro se* in October 2023, again alleging violations of due process and equal protection and naming the Acting Director of the Office and Bowser as Defendants. *See* Compl. at 2, 5, 8.[1] The court issued a show cause order explaining that there were "similar claims raised in this matter" as in *Acting Director*, and ordering Plaintiff to explain "why the claims asserted here should not likewise be dismissed." Min. Order, Jan. 16, 2024. Due to an administrative error, this Order was not mailed to Plaintiff right away, and in the interim, Defendants moved to dismiss the case on preclusion grounds. Consequently, the court issued another Minute Order discharging the show cause obligation and setting a new deadline for Plaintiff to respond to the motion to dismiss. Min. Order, March 7, 2024.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court presumes the truth of the complaint's

---

[1] The case was initially assigned to another judge but was reassigned to this court once it was identified as related to *Acting Director*, *see* ECF No. 4.

factual allegations under Rule 12(b)(6), *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), but need not "accept as true a legal conclusion couched as a factual allegation," nor inferences that "are unsupported by the facts set out in the complaint," *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (citations omitted). "When res judicata bars a claim, it is subject to dismissal under Rule 12(b)(6)." *Alford v. Providence Hosp.*, 60 F. Supp. 3d 118, 123 (D.D.C. 2014) (K.B. Jackson, J.); *see Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 76–77 (D.C. Cir. 1997).

### III. ANALYSIS

#### A. Legal Framework

Res judicata, also known as claim preclusion, "plays a central role in advancing the 'purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions.'" *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004) (citation omitted). "It embodies the principle 'that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so.'" *SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting Restatement (Second) of Judgments at 6 (1982)) (emphasis omitted). Under this doctrine, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).

Under the first element, claims are the "same" for res judicata purposes "when the cases are based on the 'same nucleus of facts' because 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory on which a litigant relies.'" *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485,

490 (D.C. Cir. 2009) (citation omitted). "In pursuing this inquiry, the court will consider 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.'" *Apotex, Inc.*, 393 F.3d at 217 (citation omitted).

Preclusion extends to claims "that should have been raised in an earlier suit," *Nat. Res. Def. Council v. EPA*, 513 F.3d 257, 261 (D.C. Cir. 2008) (citation and emphasis omitted), but "may not bar a later suit where the plaintiff was not aware of its claim at the time of the first litigation," *Capitol Hill Grp.*, 569 F.3d at 491. Consequently, in *Natural Resources Defense Council*, 513 F.3d at 261, the D.C. Circuit held that plaintiff's suit was precluded even though it was based on a different legal theory than a previous suit because both claimed that the judgments made by the EPA in a final rule were unlawful. In so holding, the Circuit explained that plaintiff "doesn't get a second bite at that same apple." *Id.* Res judicata, however, "does not bar parties from bringing claims based on material facts that were not in existence when they brought the original suit." *Apotex, Inc.*, 393 F.3d at 218 (citation omitted).

The third element of res judicata—whether the court issued a final decision on the merits—tracks Federal Rule of Civil Procedure 41(b). *Havens v. Mabus*, 759 F.3d 91, 98 (D.C. Cir. 2014). That rule provides that, unless a dismissal order states otherwise—for example, a dismissal without prejudice—any involuntary dismissal "operates as an adjudication on the merits" "except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19." Fed. R. Civ. P. 41(b); *see Havens*, 759 F.3d at 98 ("[A] dismissal without prejudice 'will ordinarily (though not always) have the consequence of not barring the claim from other courts.'" (citation and emphasis omitted)). Thus, a final decision under Rule 12(b)(6) "presents a

ruling on the merits with res judicata effect." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

B.     **Plaintiff's Claims Are Precluded**

First, Plaintiff brings the same claims in this case as she did in *Acting Director*. Both cases address the same causes of action—violations of due process and equal protection under 42 U.S.C. § 1983—arising from the "same nucleus of facts"—the denial of her variance application. *See Capitol Hill Grp.*, 569 F.3d at 490 (citation omitted). Plaintiff argues that she relies on different legal theories in this case than in *Acting Director*. *See* Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss, ECF No. 11 at 7–10. That does not seem to be the case based on her Complaint. But even if it is, "'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action,'" for preclusion purposes, "not the legal theory on which a litigant relies." *Capitol Hill Grp.*, 569 F.3d at 490 (citation omitted). Plaintiff has not identified any facts surrounding the transaction or occurrence at issue in this case that were not available to her in *Acting Director*. *See Apotex, Inc.*, 393 F.3d at 218.

Second, the cases are between the same parties because both Bowser and the Acting Director were sued by Plaintiff in each suit. *Compare* Compl. at 2, *with Acting Dir.*, 2023 WL 4846625, at *1. Third, this court decided *Acting Director* on the merits because it dismissed the case with prejudice. *See* Order, ECF No. 18, *Acting Dir.*, No. 22-cv-127 ("This is a final order."). And finally, this court had jurisdiction over *Acting Director*. Plaintiff sued D.C. officials for constitutional violations under 42 U.S.C § 1983, which provides: "Every person who, under color of any statute, ordinance, regulation" of "the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured." Consequently, this court had federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's claims are precluded.

## IV.　　CONCLUSION

For the foregoing reasons, the court will GRANT Defendants' Motion to Dismiss, ECF No. 7. The Clerk of Court shall mail a copy of this Memorandum Opinion to Plaintiff at her address of record. An Order will accompany this Memorandum Opinion.

Date: August 27, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge